**UNITED STATES ATTORNEY'S OFFICE**
CRAIG CARPENITO
United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2874

*Attorneys for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re* <br><br> PANTALEO LAFORGIA and <br> ANNA MARIA LAFORGIA, <br><br> Debtors. | Chapter 11 <br><br> Case No. 17-22853-KCF <br><br> Judge: Kathryn C. Ferguson <br><br> **Hearing Date: Nov. 15, 2018** <br> **Hearing Time: 2:00 p.m.** |

**OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION**
**OF DEBTORS' FIRST MODIFIED PLAN OF REORGANIZATION**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "Service"), submits the following objection to confirmation of the above-captioned debtors' First Modified Plan of Reorganization (the "Plan") [ECF Doc. No. 94]. In support thereof, the Service respectfully represents as follows:

# OBJECTION

## A. The Plan is Generally Unconfirmable Based on the Debtor's Failure to File Tax Returns

1. The Debtors have failed to file Form 1040 federal income tax returns for tax years 2013 and 2017. *See* Claim No. 1. The Plan cannot be confirmed unless and until these delinquent returns are filed. 11 U.S.C. § 1106(a)(6) ("A trustee shall . . . for any year for which the debtor has not filed a tax return required by law, furnish, without personal liability, such information as may be required by the governmental unit with which such tax return was to be filed . . ."); *id.* § 1107(a) ("[A] debtor in possession . . . shall perform all the functions and duties . . . of a trustee serving in a case under this chapter"); *id.* § 1129(a)(2) (chapter 11 plan cannot be confirmed unless "[t]he proponent complies with the applicable provisions of this title."); *see also Brennan v. First Jersey Secs., Inc.*, 187 B.R. 135, 148 (Bankr. D.N.J. 1995) (explaining that Bankruptcy Code sections 1106(a)(6) and 1107(a) impose a duty on debtors in possession to file required tax returns).

## B. The Plan is Not Confirmable Because it Fails to Appropriately Provide for the Service's Priority Claim

2. With respect to the Service's Priority Claim asserted under 11 U.S.C. § 507(a)(8), *see* Claim No. 1, Bankruptcy Code section 1129(a)(9)(C) requires full payment in cash (plus post-confirmation interest) within five-years of the Petition Date. 11 U.S.C. § 1129(a)(9)(C); *United States v. Neal Pharmacal Co.*, 789 F.2d 1283, 1285 (8th Cir. 1986) ("Section 1129(a)(9)(C) provides that a debtor seeking confirmation of a reorganization plan under Chapter 11 may only defer the payment

of priority tax claims if the creditor who is forced to accept the deferred payments receives interest on its claim in an amount that renders the deferred payments equivalent to the present value of its claim.").

3. Here, the Plan provides for substantially less than full payment of the Service's Priority Claim of $129,377.65. *See* Plan § 2.C.2. (providing payment of only $32,935.72). The Plan also fails to specify the statutory rate of post-confirmation interest required to be paid on the Service's Priority Claim (*i.e.,* 5% per annum). *Id.*; 11 U.S.C. § 511. This defect must also must also be cured before the Plan can be confirmed. To be clear, before the amount of the Priority Claim can even be determined with certainty, the Debtors needs to file their delinquent federal tax returns. As noted above, the failure to file those returns provides an independent basis for denying confirmation of the Plan.

C. **The Plan is Not Confirmable Based on the Debtors' Failure to Pay Post-Petition Tax Liabilities**

4. The Debtors, who are self-employed, have failed to make *any* estimated tax payments during tax year 2018 as required by Title 26 of the United States Code. Until the Debtors satisfy these post-petition liabilities, the Plan cannot be confirmed. 11 U.S.C. § 1112(b)(4)(I) (requiring debtors to "timely pay taxes owed after the date of the order for relief" or face conversion or dismissal of case); *id.* § 1129(a)(2) (providing that chapter 11 plan cannot be confirmed unless "[t]he proponent complies with the applicable provisions of this title."). Putting aside the requirements of confirmation, the Debtors' failure to promptly satisfy their post-

3

petition tax liabilities will provide a basis to convert or dismiss this case. *Id.* § 1112(b)(4)(I).

### D. The Plan Impermissibly Restricts Remedies Upon Default

5. In the event of a post-confirmation default, the Plan currently limits creditors' remedies to a motion to convert or dismiss the case under Bankruptcy Code section 1112(b). *See* Plan § IV.D. Such a limitation on the Service's rights to enforce the Plan is impermissibly restrictive. *See, e.g.*, *In re Troutman Enters., Inc.*, 253 B.R. 8, 11 (B.A.P. 6th Cir. 2000) ("If a reorganized debtor defaults under a plan, creditors have several options, including *enforcing the plan terms in any court of competent jurisdiction*.") (emphasis added); *In re Jordan Mfg.*, 138 B.R. 30, 37 (Bankr. C.D. Ill. 1992) (recognizing that in the event of a plan default, in addition to remedies under the Bankruptcy Code, "[t]he other remedy is for a creditor to resort to state court remedies, *bypassing the bankruptcy court completely*.") (emphasis added).

6. The Plan must therefore be revised to clarify that following an uncured material default, the Service may enforce the Debtors' Plan obligations by taking action in *any* appropriate forum including administrative collection procedures.

### CONCLUSION

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny confirmation of the Plan; and (ii) grant any other and further relief that the Court deems just and proper.

4

Dated: November 5, 2018

                              CRAIG CARPENITO
                              United States Attorney

*/s/ Eamonn O'Hagan*
EAMONN O'HAGAN
Assistant U.S. Attorney

*Attorneys for the*
*United States of America*