UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
ACTING UNITED STATES TRUSTEE, REGION 3
Lauren Bielskie, Esq.
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-mail: Lauren.Bielskie@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | : Case No. 17-22853 (KCF) |
| | : |
| | : Chapter 11 |
| Pantaleo and Maria LaForgia, | : |
| | : The Honorable Kathryn C. Ferguson |
| Debtors. | : |
| | : Hearing Date: November 15, 2018 at 2:00 p.m. |

**OBJECTION OF THE ACTING UNITED STATES TRUSTEE TO CONFIRMATION OF THE FIRST MODIFIED PLAN OF REORGANIZATION OF PANTALEO LAFORGIA AND ANNA MARIA LAFORGIA**

The Acting United States Trustee (the "U.S. Trustee"), by and through his counsel, and in furtherance of his duties pursuant to 28 U.S.C. §§ 586(a)(3) and (5), hereby asserts this objection ("Objection") to the confirmation of the First Modified Plan of Reorganization of Pantaleo LaForgia and Anna Maria LaForgia ("First Modified Plan") (Docket No. 94), and in support of the Objection, respectfully represents as follows:

**BACKGROUND**

1.	On June 23, 2017 ("Petition Date"), Pantaleo and Maria LaForgia ("Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code.  *See* Docket No. 1.

2. The Debtors continue to manage their affairs and manage their property as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The Debtors own four pieces of real property: (i) their residence, 342 Aldo Dr., Toms River, NJ; (ii) 380 Aldo Dr., Toms River, NJ; (iii) 344 Aldo Dr., Toms River, NJ; and (iv) 287 Aldo Dr., Toms River, NJ. *See* Docket No. 1, Schedule A/B.

4. On January 8, 2018, the Debtors filed a *Plan of Reorganization of Pantaleo and Maria LaForgia* ("Original Plan") and the *Disclosure Statement Pursuant to § 1125 of the Bankruptcy Code Describing Chapter 11 Plan Proposed by Pantaleo LaForgia and Anna Maria LaForgia* ("Original Disclosure Statement"). *See* Docket Nos. 48 and 49.

5. On October 15, 2018, the Debtors filed a the First Modified Plan, which is the subject of this Objection, and the *First Modified Disclosure Statement Pursuant to § 1125 of the Bankruptcy Code Describing Chapter 11 Plan Proposed by Panteleo LaForgia and Anna Maria LaForgia* ("First Modified Disclosure Statement"). *See* Docket Nos. 94 and 95.

6. The First Modified Plan and First Modified Disclosure Statement do not have any plan projections attached. *See id.*

7. On October 16, 2018, the Court entered an *Order Approving Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of Plan, Combined with Notice Thereof*. *See* Docket No. 97.

8. On November 5, 2018, the United States of America, on behalf of the Internal Revenue Service ("IRS"), filed the *Objection of Internal Revenue Service to Confirmation of Debtors' First Modified Plan of Reorganization* ("IRS Confirmation Objection"). *See* Docket No. 100.

9. The Debtors' most recently filed Monthly Operating Report ("MOR") is for August 2018. *See* Docket No. 92. The Debtors' MORs are not being properly prepared.

10. The Debtors are delinquent in filing MORs for September 2018.

## LEGAL ANALYSIS

11. Pursuant to 11 U.S.C. § 586, the U.S. Trustee is obligated to oversee the administration of Chapter 11 cases. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on any issue in any case or proceeding under the Bankruptcy Code. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc.* (*In re Columbia Gas Systems, Inc.*), 33 F.2d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc.* (*In re Revco D.S., Inc.*), 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

12. Confirmation of a chapter 11 plan requires that the Debtor meet all requirements of Section 1129(a). *See Matter of Greate Bay Hotel & Casino, Inc.*, 251 B.R. 213, 220-21 (Bankr. D.N.J. 2000).

**A. Comply with Applicable Provisions – 11 U.S.C. § 1129(a)(1)**

13. Section 1129(a)(1) requires "[t]he plan complies with all applicable provisions of this title." This includes compliance with Sections 1122 and 1123. *See In re Multiut Corp.*, 449 B.R. 323, 332 (Bankr. N.D. Ill. 2011).

14. Section 1122 of the Bankruptcy Code governs classification of claims or interests in a chapter 11 plan and provides that "a plan may place a claim or interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class."

11 U.S.C. 1122(a). Further, "a plan may designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience." 11 U.S.C. § 1122(b).

15.     Section 1123 provides that a plan "shall . . . provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest." 11 U.S.C. § 1123(a)(4).

16.     The First Modified Plan provides that the secured claim of the IRS will be "reclassified as a general unsecured claim in Class 7 of the Plan. The Debtors shall pay $1,416.32 in equal monthly payments commencing on the Effective Date. . . together with interest . . ." *See* Docket No. 94. at Article II.D.1. Yet, general unsecured claims in Class 7 are only projected to receive a 2% distribution. *See id*. at Article II.D.3.

17.     Based on this treatment, the Plan cannot be confirmed on its face. "As the Third Circuit emphasized in *Combustion Engineering*, '[e]quality of distribution among creditors is a central policy of the Bankruptcy Code.'" *In re Congoleum*, 362 B.R. 167, 182 (Bankr. D.N.J. 2007), *quoting In re Combustion Engineering, Inc.*, 391 F.3d 190, 239 (3d Cir. 2004). The focus of classification of claims "is the legal character of the claim." *In re Congoleum*, 362 B.R. at 183. "[I]n typical Chapter 11 cases all unsecured claims are in the same class." *Id*. at 184, *citing In re 266 Washington Assoc.*, 141 B.R. at 282 ("unsecured claims will, generally speaking, comprise one class, whether trade, tort, publicly held debt, or a deficiency of a secured creditor" because "they are claimants of equal legal rank entitled to share pro rata in values remaining after payment of secured and priority claims.").

B. **Feasibility – 11 U.S.C. § 1129(a)(11)**

18. Section 1129(a)(11) requires a debtor to demonstrate the plan is feasible. *See generally*, 11 U.S.C. § 1129(a)(11). The standard of proof required by a debtor to prove a chapter 11 plan's feasibility is by a preponderance of the evidence. *See In re Rubicon US REIT, Inc.*, 434 B.R. 168, 174 (Bankr. D. Del. 2010); *In re Trans Max Tech., Inc.*, 349 B.R. 80, 92 (Bankr. D. Nev. 2006). The debtor must present evidence to sufficiently demonstrate that a plan has a reasonable chance of succeeding. *See Greate Bay Hotel & Casino, Inc.*, 251 B.R. at 226. The debtor has to establish concrete evidence of a sufficient cash flow to fund and maintain both its operations and obligations under a proposed plan. *See Trans Max Tech., Inc.*, 349 B.R. at 92.

19. In addition, the Court is obligated to independently evaluate the plan and determine whether it offers a reasonable probability of success. *See Greate Bay Hotel & Casino, Inc.,* 251 B.R. at 226.

20. "The purpose of § 1129(a)(11) 'is to prevent confirmation of visionary schemes that promise creditors and equity security holders more under a proposed plan than the debtor could possibly attain after confirmation.'" *See In re Sound Radio, Inc*., 103 B.R. 521, 522 (D.N.J. 1989), *aff'd sub nom Appeal of Robinson*, 908 F.2d 964 (3d Cir. 1990) (citation omitted).

21. The facts and circumstances of this case demonstrate that the First Modified Plan is not feasible and, as a result, fails to qualify for confirmation.

22. The most recently filed MOR, August 2018, shows total receipts of $9,363.83 and total disbursements of $8,386.65. *See* Docket No. 92. This results in net cash flow of $977.18. The largest expenses is $2,916.13 for "travel and entertainment." *See id*. These expenses do not include mortgage payments on all the properties.

23. The Debtors do not provide plan projections, but a review of the proposed treatment of secured and nonpriority general unsecured claims shows the following proposed monthly payments under the First Modified Plan: $2,485.62, $1,838.05, $1,909.66, $1,193.54, $1,416.32, $899.85, and $630. *See* Docket No. 95. This totals $10,373.04/month for payments under the First Modified Plan on account of secured and non-priority general unsecured claims only. *See id*. This does not include payment of priority tax claims. *See id*. The $10,373.04/month exceeds the Debtors' income as reflected in the most recently filed MOR and does not take into account regular monthly expenses.

24. Although the Debtors state that their income is derived from Pantaleo LaForgia's commissions that vary each month and Anna Maria LaForgia's income from a hair salon that varies based on the number of customers, the Debtors failed to provide anything to support the ability to make plan payments over the life of the plan.

25. As the First Modified Plan does not comply with Section 1129(a)(11), confirmation should be denied.

C. **Failure to Comply with Applicable Provisions – 11 U.S.C. § 1129(a)(2)**

26. Pursuant to 11 U.S.C. § 1129(a)(2), the court shall only confirm a plan if "[t]he proponent of the plan complies with the applicable provisions of this title."

27. Pursuant to 11 U.S.C. §§ 704(7) and (8), made applicable in chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107(a) and Fed. R. Bankr. P. 2015, a debtor is required to supply certain reports concerning the estate's administration and the operation of the debtor's post-petition business as prescribed by the *United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 Case*.

28. As of the date of this Objection, the Debtors failed to file their September 2018 MOR.

29. The MORs filed by the Debtors are not being prepared properly.

30. If reports are outstanding at the hearing, confirmation should be denied.

## CONCLUSION

WHEREFORE, it is respectfully submitted that the Court deny confirmation and grant such other relief as the Court deems just and proper.

    Respectfully submitted,

    ANDREW R. VARA
    ACTING UNITED STATES TRUSTEE
    REGION 3

    By:   */s/ Lauren Bielskie*
         Lauren Bielskie
         Trial Attorney

Dated: November 8, 2018