WARD W. BENSON
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 514-9642
Email: ward.w.benson@usdoj.com
*Counsel for the United States of America*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
(TRENTON)

| | | |
|---|---|---|
| In re: | ) | Case No. 17-bk-22853 |
| | ) | Chapter 11 |
| PANTALEO LAFORGIA and | ) | Judge Kathryn C. Ferguson |
| ANNA MARIA LAFORGIA, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

### UNITED STATES' RESPONSE TO CLAIM OBJECTION AND SUPPLEMENTAL OBJECTION TO CONFIRMATION

The debtors may be correct that the IRS's claims for tax years 2007-2008 are not entitled to priority. Nonetheless, the debtors' plan cannot be confirmed unless it provides that those claims–and all other general unsecured claims–are paid in full. The plan permits the debtors to retain their real properties, and the absolute priority rule bars a debtor from receiving any prepetition property under a plan unless the claims of all creditors are paid in full. For this reason and others discussed below, the Court should deny confirmation of the plan and deny the debtors any further opportunity to modify their plan.

THE PLAN VIOLATES THE ABSOLUTE PRIORITY RULE

The plan cannot be confirmed because it violates the absolute priority rule. *See* 11 U.S.C. § 1129(b). This doctrine, which applies in individual Chapter 11 cases, prohibits a debtor

from retaining any prepetition property unless general unsecured creditors are to be paid in full under their plan.[1] *Brown v. Ferroni (In re Brown)*, 505 B.R. 638, 648-649 (E.D. Pa. 2014); *Zachary v. California Bank & Trust*, 811 F.3d 1191, 1197-1198 (9th Cir. 2016) (noting that all circuit courts to rule on the question have found the absolute priority rule applies to prepetition property in individual Chapter 11 cases).  Under their plan, the debtors are retaining four properties, which they value at a combined $1.6 million.  Nevertheless, they undertake to pay only $37,800 on account of the $1,882,348 in general unsecured claims against them.  The plan thus violates the absolute priority rule and cannot be confirmed.

<u>THE PLAN DOES NOT FULLY PROVIDE FOR THE IRS'S SECCURED CLAIM</u>

While the plan commits to paying the IRS's entire secured claim of $41,905, the $1,073.17 monthly payments it provides for are insufficient to pay off the claim within the required period.  In order to pay the entire claim within five years of the petition date, they must make monthly payments of $1,243.38 (assuming the plan is confirmed promptly with 37 months remaining).  The plan thus fails to properly provide for the IRS's claim.

<u>THE PLAN IS NOT FEASIBLE</u>

As noted by the United States Trustee in its objection to confirmation, the plan cannot be confirmed because it does not satisfy the feasibility requirement of § 1129(a)(11).  The plan as currently drafted would require the debtors to pay almost $11,000 per month on account of their secured and priority claims.  According to their monthly operating reports, they lack sufficient

---

[1] This rule applies to real property that is worth less than the secured claims against it. *MJPB, Inc. v. Fross (In re Fross)*, 233 B.R. 176, *7 (B.A.P. 10th Cir. 1999) (citing *Unruh v. Rushville State Bank*, 987 F.2d 1506 (10th Cir. 1993) and *In re East*, 57 B.R. 14, 17-18 (Bankr. M.D. La. 1985) (debtor has an "interest" because "the plan contemplates that the Debtor, an individual, will retain ownership of the property; he retains the equity (even if it has negative value) or residual interest in his patrimony")).

cash flow to pay that much in most months.  More importantly, in order to comply with the absolute priority rule, they would need to make additional monthly payments of $31,372 to satisfy all general unsecured claims.  Their income is no where near sufficient to allow them to do so.  Confirmation will almost immediately be followed by default and the need for liquidation or further financial reorganization.  Confirmation thus must be denied.

WHEREFORE THE UNITED STATES OF AMERICA RESPECTFULLY REQUESTS that the Court deny confirmation of the Plan and further deny the debtor the opportunity to file an amended plan.

Dated:  April 9, 2019                                      Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Ward W. Benson*
WARD W. BENSON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone: 202-514-9642
Fax: 202-514-6866
Email: ward.w.benson@usdoj.gov

## CERTIFICATE OF SERVICE

      I certify that the foregoing OBJECTION TO CONFIRMATION was filed with the clerk of the court on April 9, 2019, using the CM/ECF system, which will send notification of such filing to all parties appearing in said system.

      */s/ Ward W. Benson*
      WARD W. BENSON