WARD W. BENSON
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 514-9642
Email: ward.w.benson@usdoj.com
*Counsel for the United States of America*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
(TRENTON)

| | |
|---|---|
| In re: | Case No. 17-bk-22853 |
| | Chapter 11 |
| PANTALEO LAFORGIA and | Judge Kathryn C. Ferguson |
| ANNA MARIA LAFORGIA, | |
| Debtors. | |

**UNITED STATES' REPLY IN SUPPORT OF ITS
SUPPLEMENTAL OBJECTION TO CONFIRMATION**

As noted in the United States' supplemental objection to confirmation, five circuit courts have addressed the question of whether the absolute priority rule bars a debtor from retaining prepetition property while paying an objecting unsecured creditor less than the full amount of its claim. All five circuit courts, as well as one Bankruptcy Appellate Panel, ruled that it does. *Zachary v. Cal. Bank & Trust*, 811 F.3d 1191, 1197-1199 (9th Cir. 2016); *Ice House Am., LLC v. Cardin*, 751 F.3d 734, 740 (6th Cir. 2014); *In re Lively*, 717 F.3d 406, 410 (5th Cir. 2013); *In re Stephens*, 704 F.3d 1279, 1287 (10th Cir. 2013); *In re Maharaj*, 681 F.3d 558, 565 (4th Cir. 2012); *Heritage Bank v. Woodward* (*In re Woodward*), 537 B.R. 894 (B.A.P. 8th Cir. 2015). The reasoning for these holdings is explained at length in those decisions, particularly *Maharaj*, and will not be repeated here.

1

The United States wishes to bring attention, though, to inadequacy of the cases cited by the debtors in their response to the United States' supplemental objection. As detailed below, these decisions all either have been rejected by the Court of Appeals in their respective circuits or have not been followed in subsequent years. The Court thus should not give them any weight in its analysis.

1. *In re Shat*, 424 B.R. 854 (Bank. D. Nev. 2010), was abrogated by the Ninth Circuit. *Zachary*, 811 F.3d 1191.

2. The reasoning in *In re Roedemeier*, 374 B.R. 264 (Bank. D. Kan. 2007) was subsequently rejected by the Tenth Circuit. *Stephens*, 704 F.3d 1279.

3. The reasoning in *Tegeder*, 369 B.R. 477 (Bank. D. Neb. 2007), was subsequently rejected by the Eighth Circuit BAP. *Woodward*, 537 B.R. 894.

4. *In re Bullard* held that a debtor may retain post-petition property and prepetition *exempt* property. 358 B.R. 541 (Bank. D. Conn. 2007). It did *not* hold that the absolute priority rule was abrogated as to all prepetition property. *In re Lucarelli*, 517 B.R. 42, 48–49 (Bankr. D. Conn. 2014) ("Bullard was expressly limited to the issue of the retention of post-petition property under a proposed plan.") (ruling that the absolute priority rule applies in an individual Chapter 11 case and prevents a debtor from retaining nonexempt prepetition property unless all dissenting creditors are paid in full).

5. The reasoning in *In re Johnson*, 402 B.R. 851 (Bank. N.D. Ind. 2009), has subsequently been rejected by other courts in the Seventh Circuit. *See e.g.*, *In re Batista-Sanchez*, 505 B.R. 222 (N.D. Ill. 2014); *In re Gerard*, 495 B.R. 850 (Bank. E.D. Wis. 2013); *In re Draiman*, 450 B.R. 777 (Bank. N.D. Ill. 2011).

    6. The District Court's statements in *SPCP Group, LLC v. Biggins*, 465 B.R. 316 (M.D. Fla. 2011), that the absolute priority rule does not apply in individual chapter 11 cases were subsequently held to be dicta by the very same bankruptcy judge (Williamson) whose oral ruling the District Court was affirming in that decision. *In re Martin*, 497 B.R. 349, 355 (Bank. M.D. Fla. 2013). In *Martin*, Judge Williamson noted that in the wake of *Biggins*, three circuit courts had rejected the reasoning in *Shat*, which he had followed when issuing the oral ruling that the District Court affirmed in *Biggins*. He indicated that he found these new opinions' reasoning persuasive, and accordingly, he found that the absolute priority *does* apply in individual Chapter 11 cases. *Id.*, at 355-356.

As shown, the cases cited by the debtors all either have been abrogated or are no longer followed in their own circuits. In the case of *Bullard*, even the bankruptcy judge whose ruling it affirmed no longer considers the decision persuasive. This Court thus should not give them any weight.

Nor should the Court be sympathetic to the debtors' policy argument that Congress would not have wanted post-BAPCPA debtors to be "caught between the Scylla of <u>Ahlers</u> and the Charybdis of section 1115." It most certainly did. As explained by another court in this circuit:

> Preservation of the absolute priority rule is also consistent with Congress's express goal of curbing abuses of the bankruptcy system when it enacted BAPCPA. As the Supreme Court has observed, "Congress enacted [BAPCPA] to correct perceived abuses of the bankruptcy system." The legislative history also suggests that a key Congressional purpose in passing BAPCPA was to curb the abusive practices of some unscrupulous debtors and to ensure debtors who could afford to pay creditors would do so to the maximum extent feasible. As noted by several courts, the new provisions are designed to impose greater burdens on individual debtors' rights so as to ensure greater payout to creditors.

3

> Doing away with the absolute priority rule in individual Chapter 11 debtor cases would frustrate the BAPCPA goal of curbing abusive debtor practices. Without the rule, creditors would be at the mercy of debtors who could retain substantial assets over the objection of their creditors who would be paid pennies on the dollar.

*In re Brown*, 505 B.R. 638, 649 (E.D. Pa. 2014) (internal citations omitted).

Like Odysseus, the debtors find themselves between Scylla and Charybdis due to their own poor decisions. While needlessly taunting the Cyclops he had blinded, Odysseus revealed his identity. The Cyclops's father Poseidon then cursed him to wander the Mediterranean for ten years and to lose his entire crew. During his journey, six of his men were eaten by Scylla as they tried to avoid Charybdis. Had Odysseus shown some humility and exercised a little restraint, he and those sailors would likely have made it back to Ithaca quickly and safely.

Similarly, the LaForgias have aroused the ire of their creditors through their offensive conduct. Their plan, which permits them to retain multiple investment properties while only paying a 2% dividend to general unsecured creditors, is exactly the kind of abusive arrangement Congress sought to prevent when it enacted BAPCPA. They should not be allowed to complain about the difficult position in which they now find themselves.

WHEREFORE THE UNITED STATES OF AMERICA RESPECTFULLY REQUESTS that the Court deny confirmation of the Plan and further deny the debtors the opportunity to file an amended plan.


//


//

4

Dated:  April 29, 2019 

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Ward W. Benson*
WARD W. BENSON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone: 202-514-9642
Fax: 202-514-6866
Email: ward.w.benson@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that the foregoing REPLY was filed with the clerk of the court on April 29, 2019, using the CM/ECF system, which will send notification of such filing to all parties appearing in said system.

*/s/ Ward W. Benson*
WARD W. BENSON