NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

----------------------------------------------------------------X

In re:                                                              Bankruptcy Case No. 17-22853

Pantaleo LaForgia and Anna Maria LaForgia                           Chapter 11

            Debtors.                                          **MEMORANDUM OPINION**

----------------------------------------------------------------X

**<u>APPEARANCES</u>**

Timothy P. Neumann, Esquire
Broege, Neumann, Fischer & Shaver
25 Abe Voorhees Drive
Manasquan, NJ 08736
*Attorney for Debtors*

Ward Benson, Esquire
United States Department of Justice
Post Office Box 227
Washington, DC 20044
*Attorney for the United States of America, Internal Revenue Service*

The Debtors filed a Second Modified Chapter 11 Plan[1] that provides for the secured claim of the IRS[2] in the amount of $225,884.28 to be reduced to $41,905. The reduced number represents the value of the Debtors' personal property, with the remainder of the claim to be reclassified as a general unsecured claim. The Plan provides for general unsecured creditors (Class 8) totaling approximately $1,882,348 to be paid approximately 2% of their claims at a rate of $630 a month for 5 years. The Plan further provides that the Debtors (Class 9) will retain ownership of all their assets.

The IRS objects to confirmation of the Plan[3] on several grounds, including that it violates the absolute priority rule; it does not provide for the IRS's secured claim to be paid in full within the period required by § 1129(a)(9); and it is not feasible. The court will begin its analysis with the allegation that the Plan violates the absolute priority rule.

The absolute priority rule is codified at 11 U.S.C. § 1129(b)(2)(B)(ii) and provides that a dissenting class of unsecured creditors must be provided for in full before any junior class can receive or retain any property under a plan. Under the terms of this Plan, the Debtors will retain all of their property while the IRS, a senior dissenting unsecured creditor, will be paid only 2% on the undersecured portion of its claim. The Debtors own four properties: their residence and three rental properties. According to appraisals submitted by the Debtors,[4] the properties are all under water, so there is no equity that will be retained by the Debtors. The "no value" issue with regard to the absolute priority rule was addressed by the Supreme Court in *Ahlers* where it was held that "[e]ven where debts far exceed the current value of assets, a debtor who retains his

---

[1] Doc 120
[2] The IRS also filed an amended proof of claim [1-4] that stated a priority tax claim in the amount of $129,377. That amended proof of claim is the subject of a separate motion to reduce claim by the Debtors. [Doc 138]
[3] Doc 142, 159
[4] Doc 85, 88

equity interest in the enterprise retains "property." Whether the value is "present or prospective, for dividends or only for purposes of control" a retained equity interest is a property interest ...."[5]

It is incontrovertible that if this were a corporate chapter 11 case that the IRS's objection to confirmation would have to be sustained. The issue presented here is whether the absolute priority rule applies in an individual chapter 11 case. The Debtors assert that the rule does not apply because § 1129(b)(2)(B)(ii) provides that despite non-acceptance by one or more unsecured creditors a plan may be found to be fair and equitable if:

> (ii) the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property, *except that in case in which the debtor is an individual, the debtor may retain property included in the estate under section 1115*[6]

Section 1115 expands the definition of property of the estate for an individual chapter 11 debtor to include "in addition to the property specified in section 541" all property acquired post-petition and all post-petition income. The reference to section 541 is the fulcrum of the Debtors' argument that Congress intended to allow individual debtors to retain all of their pre and post-petition property even if they pay nothing to their unsecured creditors. Unfortunately for the Debtors, the vast majority of courts[7] do not invest the reference to § 541 with that same meaning.

The Court of Appeals for the Third Circuit has not had occasion to address this issue yet, but the five other circuit courts of appeal that have ruled on the issue have held that BAPCPA did not

---

[5] *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 207–08 (1988)
[6] 11 U.S.C. § 1129 (emphasis added). The italicized language was added in 2005 as part of BAPCPA.
[7] *See, e.g.*, *In re Brown*, 505 B.R. 638, 643–44 (E.D. Pa. 2014)(noting the majority and minority positions)

abrogate the absolute priority rule as applied to individual debtors.[8] The minority position, also

referenced as the broad view, espoused by the Debtors maintains that

> by including in § 1129(b)(2)(B)(ii) a cross-reference to § 1115 (which in turn
> references § 541, the provision that defines the property of a bankruptcy estate),
> Congress intended to include the entirety of the bankruptcy estate as property that
> the individual debtor may retain, thus effectively abrogating the absolute priority
> rule in Chapter 11 for individual debtors.[9]

Under this view, an individual chapter 11 debtor is entitled to retain both pre-petition and post-

petition property and nonetheless cram down a plan over an unsecured creditor's objection. The

majority position, also referenced as the narrow view, is that only post-petition property and

income is excluded from the absolute priority rule in individual chapter 11 cases.[10]  The

arguments in favor of each position are diverse and varied. Interestingly, cases on both sides

claim unambiguous support from the statutory language and both sides claim support from

Congressional intent in enacting BAPCPA .

    After reviewing the extant cases on the topic, the court is convinced of only two things: 1)

that there is no plain meaning reading of § 1129(b)(2)(B)(ii) and § 1115; and 2) that there is no

way to fully reconcile the amendments to the Code made by BAPCPA. That being said, there are

three primary considerations that sway the court in favor of finding that the absolute priority rule

applies in individual chapter 11 cases.

    First, if Congress intended to abrogate the absolute priority rule for individual chapter 11

debtors, it could have done so in a far less convoluted manner. Instead of including a reference to

---

[8] *Zachary v. Cal. Bank & Trust*, 811 F.3d 1191 (9th Cir. 2016); *Ice House Am., LLC v. Cardin*, 751 F.3d
734 (6th Cir. 2014); *In re Lively*, 717 F.3d 406 (5th Cir. 2013); *In re Stephens*, 704 F.3d 1279 (10th Cir.
2013); *In re Maharaj*, 681 F.3d 558 (4th Cir. 2012)
[9] *In re Maharaj*, 681 F.3d 558, 563 (4th Cir. 2012) (describing the broad and narrow views)
[10] *See, e.g., Zachary v. California Bank & Trust*, 811 F.3d 1191 (9th Cir. 2016)

§ 1115, Congress could have simply added the phrase "except with respect to individuals" to §
1129(b)(2)(B)(ii).

Second, if Congress intended to make an individual chapter 11 case the same as a chapter 13
case it could have eliminated the debt limits for chapter 13.

Third, and most importantly, a repeal of something as ingrained in bankruptcy practice as the
absolute priority rule would need to be done explicitly. Implied repeal is highly disfavored;
therefore, repeals by implication "will not be presumed unless the intention of the legislature to
repeal is clear and manifest." [11] As the divide among the courts on this issue demonstrates, the
intention of Congress to repeal the absolute priority rule as it applies to individuals was not made
clear and manifest. It was not made clear and manifest in the language of § 1129(b)(2)(B)(ii) and
§ 1115, and it was not made clear and manifest in the legislative history. Although there is scant
legislative history regarding the amendment of § 1129(b)(2)(B)(ii) and the adoption of § 1115,
the legislative history that does exist makes no reference whatsoever to the absolute priority rule.

The "canon against implied repeal is particularly strong in the field of bankruptcy law."[12] The
Supreme Court has admonished that courts should "not read the Bankruptcy Code to erode past
bankruptcy practice absent a clear indication that Congress intended such a departure."[13] Pre-
BAPCPA practice was that the absolute priority rule applied to all chapter 11 debtors,
individuals and corporations alike, and this court can discern no indication, much less a clear
indication, that Congress intended to depart from that practice when it enacted BAPCPA.

---

[11]  *Hui v. Castaneda,* 559 U.S. 799 (2010) (quoting *Hawaii v. Office of Hawaiian Affairs,* 556 U.S. 163,
175 (2009)); *see also, The Last Best Beef, LLC v. Dudas,* 506 F.3d 333, 338 (4th Cir. 2007) (quoting *TVA
v. Hill,* 437 U.S. 153, 189 (1978))
[12] *In re Maharaj,* 681 F.3d 558, 570–71 (4th Cir. 2012)
[13] *Hamilton v. Lanning,* 560 U.S. 505, 517 (2010)

The Debtors argue that post-BAPCPA debtors are worse off because they "are caught between the Scylla of *Ahlers* and the Charybdis of section 1115" and that "Congress must have been aware of this and ascribing to Congress an intention to create such a draconian legislative scheme while enacting numerous other provisions dealing with individual Chapter 11 cases is illogical." The court disagrees. Preservation of the absolute priority rule is consistent with Congress's express goal of curbing perceived abuses of the bankruptcy system.[14]  It is not illogical to think that Congress might view the LaForgias' plan, which pays $37,800 to discharge $1.8 million in unsecured debt while allowing the debtors to retain a home and three investment properties, as abusive.  As noted by several courts, the new provisions pertaining to individual chapter 11 debtors are designed to impose greater burdens on individual debtors' rights so as to ensure greater payout to creditors.[15] This interpretation does make things harder for individual debtors because they cannot use post-petition earnings to make a new value contribution. But when BAPCPA is viewed as a whole, it is clear that Congress intended to make things harder for all debtors, not just individual chapter 11 debtors.[16]

The IRS's objection to confirmation on the ground that the Plan violates the absolute priority rule is sustained.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
Chief Judge, US Bankruptcy Court

Dated: September 3, 2019

---

[14] *Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229 (2010)
[15] *See, e.g, In re Gbadebo*, 431 B.R. 222 (Bankr. N.D. Cal. 2010)
[16] For example, BAPCPA included provisions preventing a debtor from filing if she did not obtain pre-petition bankruptcy counseling, lengthens the amount of time between discharges, and adds new limitations to the automatic stay.

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 17-22853-KCF
Pantaleo LaForgia                                                         Chapter 11
Anna Maria LaForgia
        Debtors

## CERTIFICATE OF NOTICE

District/off: 0312-3            User: admin            Page 1 of 2              Date Rcvd: Sep 03, 2019
                               Form ID: pdf903         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 05, 2019.
db/jdb        Pantaleo LaForgia,    Anna Maria LaForgia,    342 Aldo Dr,    Toms River, NJ  08753-2434

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                        TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 05, 2019                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 3, 2019 at the address(es) listed below:
          Aleisha Candace Jennings    on behalf of Creditor    OCWEN LOAN SERVICING LLC ajennings@rasflaw.com
          Andrew M. Lubin    on behalf of Creditor    THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,
           AS TRUSTEE bkecf@milsteadlaw.com,    alubin@milsteadlaw.com
          Charles G. Wohlrab    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,
           SUCCESSOR IN INTEREST TO WILMINGTON TRUST COMPANY, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF
           AMERICA NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGE cwohlrab@LOGS.com,
           njbankruptcynotifications@logs.com
          Charles G. Wohlrab    on behalf of Creditor    The Bank of New York as trustee for registered
           Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-3 cwohlrab@LOGS.com,
           njbankruptcynotifications@logs.com
          Denise E. Carlon    on behalf of Creditor    Toyota Lease Trust dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Denise E. Carlon    on behalf of Creditor    Toyota Motor Credit Corporation
           dcarlon@kmllawgroup.com,    bkgroup@kmllawgroup.com
          Eamonn  O'Hagan    on behalf of Creditor    United States of America (Internal Revenue Service)
           eamonn.ohagan@usdoj.gov
          Gilbert R Yabes    on behalf of Creditor    Aldridge Pite, LLP bkecfinbox@aldridgepite.com,
           GRY@ecf.courtdrive.com
          Jeanette F. Frankenberg    on behalf of Creditor    Nationstar Mortgage LLC cmecf@sternlav.com
          Jeanette F. Frankenberg    on behalf of Creditor    Nationstar Mortgage LLC dba Mr. Cooper, as
           servicer for U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO WILMINGTON
           TRUST COMPANY, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMER cmecf@sternlav.com
          Jeffrey  Rappaport    on behalf of Creditor    The Bank of New York as trustee for registered
           Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-3 jrappaport@logs.com,
           njbankruptcynotifications@logs.com
          Kevin Gordon McDonald    on behalf of Creditor    Toyota Motor Credit Corporation
           kmcdonald@kmllawgroup.com,    bkgroup@kmllawgroup.com
          Laura M. Egerman    on behalf of Creditor    OCWEN LOAN SERVICING LLC bkyecf@rasflaw.com,
           bkyecf@rasflaw.com;legerman@rasnj.com
          Laura M. Egerman    on behalf of Creditor    Deutsche Bank National Trust Company
           bkyecf@rasflaw.com,    bkyecf@rasflaw.com;legerman@rasnj.com
          Lauren  Bielskie    on behalf of U.S. Trustee    U.S. Trustee lauren.bielskie@usdoj.gov
          Lauren  Bielskie    on behalf of U.S. Trustee    United States Trustee lauren.bielskie@usdoj.gov
          Rebecca Ann Solarz    on behalf of Creditor    Toyota Motor Credit Corporation
           rsolarz@kmllawgroup.com
          Rebecca Ann Solarz    on behalf of Creditor    Toyota Lease Trust rsolarz@kmllawgroup.com
          Timothy P. Neumann    on behalf of Debtor Pantaleo  LaForgia timothy.neumann25@gmail.com,
           btassillo@aol.com;geoff.neumann@bnfsbankruptcy.com;alexandragrant.law@gmail.com
          Timothy P. Neumann    on behalf of Appraiser    Tony Kamand Realty, LLC timothy.neumann25@gmail.com,
           btassillo@aol.com;geoff.neumann@bnfsbankruptcy.com;alexandragrant.law@gmail.com
          Timothy P. Neumann    on behalf of Joint Debtor Anna Maria LaForgia timothy.neumann25@gmail.com,
           btassillo@aol.com;geoff.neumann@bnfsbankruptcy.com;alexandragrant.law@gmail.com
          Timothy P. Neumann    on behalf of Defendant Leo P LaForgia timothy.neumann25@gmail.com,
           btassillo@aol.com;geoff.neumann@bnfsbankruptcy.com;alexandragrant.law@gmail.com

```
District/off: 0312-3          User: admin              Page 2 of 2          Date Rcvd: Sep 03, 2019
                             Form ID: pdf903           Total Noticed: 1
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
        U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
        Ward  Benson    on behalf of Creditor    United States of America (Internal Revenue Service)
       ward.w.benson@usdoj.gov,  Eastern.Taxcivil@usdoj.gov
                                                                   TOTAL: 24